IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL BANKS**                                                                                                  **PLAINTIFF**

**V.**                          **NO. 4:23-CV-00204 KGB-PSH**

**MARTIN J. O'MALLEY, Commissioner of**
**SOCIAL SECURITY ADMINISTRATION**                                               **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to Chief United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Chief Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.   Introduction:**

On March 6, 2020, Michael Banks filed a Title II application for disability and disability insurance benefits, as well as an application for Title XVI supplemental security income. (Tr. at 15). In the applications, Mr. Banks alleged disability beginning on July 27, 2017. *Id*. The applications were denied initially and upon reconsideration. On March 16, 2022, an administrative law judge (ALJ) issued an

unfavorable decision, finding that Mr. Banks had not been under a disability from July 27, 2017, through the date of the decision. (Tr. at 15-29). On January 27, 2023, the Appeals Council denied Mr. Banks's request for review of the hearing decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Banks has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. The Commissioner's Decision:

Mr. Banks meets the insured status requirements of the Social Security Act through June 30, 2020. (Tr. at 17). The ALJ found that Mr. Banks had not engaged in substantial gainful activity since the alleged onset date of July 27, 2017.[1] *Id*. At Step Two, the ALJ found that Mr. Banks had the following severe impairments: lumbar degenerative disc disease, spondylosis, radiculopathy, depression, personality disorder, generalized anxiety disorder, chronic pain syndrome, osteoarthritis, right shoulder contusion/strain, and right shoulder arthroplasty. (Tr. at 18).

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

After finding that Mr. Banks's impairments did not meet or equal a Listed Impairment (Tr. at 19-21),[2] the ALJ determined that Mr. Banks had the residual functional capacity (RFC) to perform work at the light exertional level, with additional limitations: (1) no climbing of ladders, ropes, or scaffolds; (2) no more than occasional stooping, crouching, kneeling, and crawling; (3) he should avoid concentrated exposure to unprotected heights, hazardous machinery, and excessive vibration; (4) he can make simple work-related decisions; (5) he can maintain concentration, persistence, and pace for simple tasks; (6) he can understand, carry out, and remember simple instructions and procedures; (7) he can adapt to changes in the work setting which would be simple, predictable, and can be easily explained; (8) he can have occasional interaction with coworkers, supervisors, and the public; and (9) he is able to appropriately respond to supervision. (Tr. at 21).

At Step Four, the ALJ determined that Mr. Banks is unable to perform any past relevant work. (Tr. at 27). The ALJ next found that, based upon the testimony of a Vocational Expert (VE) and considering Mr. Banks's age, education, work experience, and RFC, Mr. Banks was able to perform work in the national economy. (Tr. at 27-29). Therefore, the ALJ found that Mr. Banks was not disabled. *Id*.

---

[2] 20 C.F.R. Part 404, Subpt. P, App'x 1, Adult Listing of Impairments (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416. 920(d), 416.925, and 416.926).

## III. <u>Discussion</u>:

    A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant

4

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

  B. Mr. Banks's Arguments on Appeal

  Mr. Banks contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. Specifically, he argues that the ALJ did not give full consideration to Mr. Banks's subjective complaints and that the RFC for light work did not fully incorporate his credible limitations.

  This is not a complex reversal. The ALJ did not give proper consideration to Mr. Banks's statements that he could perform very few daily activities, instead cherry-picking a few isolated activities Mr. Banks could perform. In this way, he failed to fully consider Mr. Banks's subjective complaints.

  When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the

claimant's testimony." *Id*. (internal citations omitted). It is important for an ALJ to carefully consider a claimant's subjective complaints, because they will tell the story of the claimant's medical condition in a way that medical records alone cannot.

Mr. Banks's daughter filled out two function reports for him in 2020 (as required by the Social Security Administration), expressing his inability to perform a variety of activities due to pain, fatigue, anxiety, and depression.[3] (Tr. at 337-344, 361-368). Mr. Banks said he spent most of the day lying down and trying to get comfortable, due to back pain rated an 8 out of 10 (in spite of taking narcotics). *Id*.; (Tr. at 919, 942, 1074). He took regular naps. (Tr. at 63-72, 337-344, 361-368). He still felt tired. Mr. Banks said he needed help with personal care. *Id*. He needed reminders to do many daily functions. *Id*. He did not prepare meals. *Id*. He did not shop in stores, and he did no house or yard work. *Id*. Mr. Banks did not drive and never used a checkbook. *Id*. He had no hobbies or interests. *Id*. He was easily agitated. *Id*. Mr. Banks said that when he had to care for his mother-in-law after she broke her hip, he felt very stressed. (Tr. at 72).

In the ALJ's decision, he noted a couple of isolated activities Mr. Banks could

---

[3] An MRI in 2018 showed lumbar disc disease with nerve root compression. (Tr. at 665). He had pain on palpation and decreased range of motion. (Tr. at 766-769). He regularly told his pain management doctor that his pain level was an 8 out of 10. (Tr. at 919, 942, 1077).

perform, like caring for his mother-in-law and attending a funeral. (Tr. at 26). The ALJ did not address the function reports, nor did he accurately discuss Mr. Banks's activity limitations. An ability to perform a modicum of isolated daily activities does not translate to the ability to perform in the competitive work world. See *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) ("the fact that Draper tries to maintain her home and does her best to engage in ordinary life activities is not inconsistent with her complaints of pain, and in no way directs a finding that she is able to engage in light work"); *Cline v. Sullivan*, 939 F.2d 560, 566 (8th Cir. 1991); *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989).

The ALJ also discounted the opinion of Dr. Stephen Broughton, M.D., who was Mr. Banks's treating psychiatrist from 2020 forward.[4] Dr. Broughton's opinion said that Mr. Banks could not work due to major psychiatric impairments, stemming from chronic pain. (Tr. at 64, 1015-1019). In considering this opinion, the ALJ listed a few isolated activities, stating that they were inconsistent with Dr. Broughton's

---

[4] ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

opinion. (Tr. at 26). And in the same breath, he misstated that Mr. Banks could drive (Mr. Banks said he could not drive). (Tr. at 337-344). The ALJ found the opinion to be totally unpersuasive. (Tr. at 26). Dr. Broughton's opinion that Mr. Banks could not work deserved more consideration.

The Court also takes notice of Mr. Banks's argument that he could not perform work at the light exertional level. Light work requires "the ability to lift no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds, a good deal of walking or standing, and it involves some pushing and pulling of arm or leg controls when sitting most of the time." 20 CFR § 404.1567. Mr. Banks had degenerative disc disease involving nerve root compression, which he treated with narcotics, physical therapy, steroid injections. (Tr. at 58). He also said that he wore a back brace. *Id*. Still, his pain caused him to recline most of the day, and to become irritable and frustrated when he tried to be physically active. (Tr. at 66-71, 1103). His doctor discontinued his Prozac prescription because it made Mr. Banks feel angry. (Tr. at 997-998). Even minimal physical activity caused pain and frustration for Mr. Banks. An RFC for light exertional work does not seem to incorporate these limiting factors.

### VI. **Conclusion**:

For the reasons stated above, the Court finds that the ALJ's decision is not

supported by substantial evidence. The ALJ erred in his analysis of Mr. Banks's subjective complaints and the RFC for light work outstripped Mr. Banks's abilities.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further consideration.

IT IS SO ORDERED this 2nd day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE